# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

THE NIELSEN COMPANY, NIELSEN HOLDINGS PLC, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

NICHOLE HENDERSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

400 McAllister St, San Francisco CA 94102

CASE NUMBER: *(Número del Caso):* **CGC-26-637209**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dylan Hackett, P.O. Box 330168 San Francisco, CA 94133, [415] 410 99 31

DATE: *(Fecha)* **06/12/2026** Clerk, by *(Secretario)* **JAMES FORONDA**, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: THE NIELSEN COMPANY

   under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

privacy, please press the Clear This Form button after y
Print this form Save this form Clear this form

Dylan Hackett (SBN 329339)
**THE HACKETT LAW FIRM**
P.O. Box 330168
San Francisco, CA 94133
Telephone: (415) 410-9931
Email: dylanhackett@hackettfirm.com

*Attorneys for Plaintiff Nichole Henderson,*

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**05/20/2026**
Clerk of the Court
BY: JAMES FORONDA
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| NICHOLE HENDERSON,<br>Plaintiff,<br><br>v.<br><br>THE NIELSEN COMPANY, NIELSEN HOLDINGS PLC, and DOES 1 through 20, inclusive,<br><br>Defendants, | **Case No.:** **CGC-26-637209**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Discrimination in Violation of FEHA, Gov. Code § 12940 et seq.**<br>**2. Harassment, Hostile Work Environment, in Violation of FEHA, Gov. Code § 12940(j)**<br>**3. Retaliation in Violation of FEHA, Gov. Code § 12940(h)**<br>**4. Failure to Prevent Discrimination, Harassment, and Retaliation, Gov. Code § 12940(k)**<br>**5. Violation of the California Equal Pay Act, Lab. Code § 1197.5**<br>**6. Retaliation for Wage Disclosure and Wage Discussion, Lab. Code §§ 232 and 98.6**<br>**7. Intentional Infliction of Emotional Distress**<br>**8. Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nichole Henderson alleges as follows:

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## INTRODUCTION

1. This is an employment action arising from Defendants' unlawful treatment of Plaintiff Nichole Henderson during her employment with The Nielsen Company and Nielsen Holdings PLC.

2. Plaintiff remains employed by Defendants. This case is not a wrongful termination case. Rather, this action arises from Defendants' ongoing discrimination, harassment, retaliation, unequal pay, denial of work opportunities, hostile work environment, and emotional distress inflicted while Plaintiff remains employed.

3. Plaintiff is an experienced employee who has performed her job duties competently and in good faith. Rather than treat Plaintiff equally, fairly, and lawfully, Defendants subjected her to disparate treatment, unequal compensation, retaliation, hostile work environment harassment, denial of work opportunities, denial of employment benefits and privileges, reprimand, suspension, threats, undermining conduct, and conduct designed to interfere with Plaintiff's ability to succeed in the workplace.

4. Plaintiff alleges that Defendants discriminated against her based on protected characteristics, including but not limited to her actual or perceived national origin, ancestry, race, ethnicity, age, and/or related protected characteristics, including that she is not Indian born and has been treated differently than other employees.

5. Plaintiff further alleges that Defendants retaliated against her after she raised concerns regarding unequal compensation, wage disparities, discrimination, harassment, and unfair workplace treatment.

6. California law expressly protects employees who discuss, disclose, and challenge compensation inequities. Labor Code section 232 prohibits an employer from discharging, disciplining, discriminating against, or retaliating against an employee for discussing or disclosing wages. Labor Code section 1197.5 prohibits unequal pay for substantially similar work based on sex, race, ethnicity, and other protected categories unless the employer can establish a legally recognized defense.

7. Plaintiff also brings claims under the Fair Employment and Housing Act, Government Code section 12940 et seq., because Defendants subjected Plaintiff to discrimination,

harassment, retaliation, and failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

8. Defendants' conduct has caused Plaintiff to suffer economic harm, wage loss, loss of employment opportunities, emotional distress, humiliation, anxiety, fear, stress, damage to her professional standing, and other damages according to proof.

**PARTIES**

9. Plaintiff Nichole Henderson is, and at all relevant times was, an individual residing in San Francisco, California.

10. Plaintiff was and remains employed by Defendants The Nielsen Company and/or Nielsen Holdings PLC.

11. Defendant The Nielsen Company is, and at all relevant times was, an employer doing business in California and employing Plaintiff.

12. Defendant Nielsen Holdings PLC is, and at all relevant times was, an employer, parent entity, controlling entity, affiliated entity, integrated enterprise, and/or alter ego of The Nielsen Company.

13. Plaintiff is informed and believes, and thereon alleges, that Defendants employed more than five employees and are therefore covered employers under the Fair Employment and Housing Act.

14. Plaintiff does not presently know the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues those Defendants by fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

15. Plaintiff is informed and believes, and thereon alleges, that each Defendant was the agent, employee, employer, joint employer, supervisor, managing agent, representative, parent, subsidiary, alter ego, integrated enterprise, and/or co-conspirator of each other Defendant, and in doing the acts alleged herein acted within the course and scope of such agency, employment, joint employment, supervision, representation, and/or conspiracy.

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter because Plaintiff's claims arise under California law, including the California Fair Employment and Housing Act, the California Labor Code, and California common law.

17. Venue is proper in the Superior Court of California, County of San Francisco, because Plaintiff resides in San Francisco, worked in and/or from San Francisco, experienced harm in San Francisco, and Defendants' unlawful employment practices affected Plaintiff in San Francisco.

18. Plaintiff seeks damages in an amount exceeding the jurisdictional minimum of this Court.

## ADMINISTRATIVE EXHAUSTION

19. Plaintiff timely submitted and/or will submit a complaint to the California Civil Rights Department regarding Defendants' unlawful conduct.

20. Plaintiff received and/or will receive a Right-to-Sue notice from the Civil Rights Department. Plaintiff brings this civil action within the applicable statutory period.

21. To the extent required, Plaintiff has exhausted all administrative prerequisites to filing this action.

22. Plaintiff will amend this Complaint, if necessary, to include the exact CRD case number and date of issuance of the Right-to-Sue notice once available.

## GENERAL FACTUAL ALLEGATIONS

23. Plaintiff was and remains employed by Defendants and has performed her duties competently and professionally.

24. Plaintiff worked under Defendants' policies, practices, procedures, management structure, compensation structure, and workplace culture.

25. During Plaintiff's employment, Plaintiff became aware of and raised concerns regarding compensation inequities and wage disparities.

26. Plaintiff engaged in protected activity when she discussed, disclosed, questioned, and/or objected to compensation disparities.

27. Plaintiff also engaged in protected activity when she reported, resisted, and/or opposed discrimination, harassment, retaliation, and unequal workplace treatment.

28. Defendants knew or should have known that Plaintiff was engaging in protected activity.

29. After Plaintiff engaged in protected activity, Defendants subjected Plaintiff to adverse employment actions and materially adverse treatment.

30. These adverse actions included, but were not limited to, threats, undermining behavior, denial of work opportunities, denial of employment benefits and privileges, reprimand, suspension, unequal treatment, exclusion, marginalization, failure to set Plaintiff up for success, and efforts to damage Plaintiff's standing and future with the company.

31. Plaintiff was treated differently than similarly situated employees.

32. Plaintiff is informed and believes, and thereon alleges, that similarly situated employees outside Plaintiff's protected classes and/or outside Plaintiff's protected circumstances received more favorable compensation, assignments, opportunities, support, treatment, and/or employment outcomes.

33. Plaintiff is informed and believes, and thereon alleges, that employees of different race, ethnicity, national origin, ancestry, or other protected characteristics were paid more than Plaintiff for substantially similar work performed under similar working conditions.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to justify these disparities through any lawful seniority system, merit system, system measuring earnings by quantity or quality of production, bona fide factor other than protected status, or other legally sufficient basis.

35. Plaintiff was also subjected to conduct that created a hostile, intimidating, offensive, and abusive work environment.

36. The conduct Plaintiff endured and observed was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

37. The hostile work environment included conduct directed at Plaintiff and conduct Plaintiff observed toward others, both of which contributed to the hostile environment.

38. Defendants' supervisors, managers, agents, and managing agents participated in, approved, ratified, and/or failed to stop the unlawful conduct.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

39. Defendants knew or should have known of the discrimination, harassment, retaliation, unequal pay, and hostile work environment, yet failed to take immediate and appropriate corrective action.

40. Defendants failed to investigate in good faith, failed to prevent further misconduct, failed to protect Plaintiff, and instead permitted the conduct to continue.

41. Plaintiff remains employed, but Defendants' conduct has materially harmed the terms, conditions, and privileges of her employment.

42. Plaintiff's last date of harm was on or about May 14, 2026, and the unlawful conduct is continuing.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, lost benefits, lost employment opportunities, emotional distress, humiliation, anxiety, embarrassment, stress, damage to reputation, damage to career, and other damages according to proof.

44. Defendants acted with malice, oppression, and/or fraud, and/or acted through officers, directors, and managing agents who authorized, ratified, or personally engaged in the unlawful conduct, thereby entitling Plaintiff to punitive damages.

**FIRST CAUSE OF ACTION**

**Discrimination in Violation of FEHA**

**Gov. Code § 12940 et seq.**

**(Against All Defendants)**

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. At all relevant times, Plaintiff was an employee protected by the Fair Employment and Housing Act.

47. At all relevant times, Defendants were employers covered by the Fair Employment and Housing Act.

48. Plaintiff was qualified for her position and performed her job duties competently.

49. Plaintiff was a member of protected classes and/or was perceived by Defendants as belonging or not belonging to protected classes, including but not limited to national

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

origin, ancestry, race, ethnicity, age, and/or related protected categories.

50. Plaintiff was subjected to adverse employment actions and materially adverse treatment, including but not limited to denial of equal compensation, denial of work opportunities, denial of employment benefits and privileges, reprimand, suspension, unequal treatment, exclusion, marginalization, and conduct that impaired her ability to succeed in the workplace.

51. Plaintiff's protected characteristics were substantial motivating reasons for Defendants' adverse employment actions and adverse treatment.

52. Defendants treated Plaintiff less favorably than similarly situated employees outside Plaintiff's protected classes and/or outside Plaintiff's protected circumstances.

53. Defendants' stated reasons for their actions, to the extent any are asserted, are pretextual, incomplete, false, or insufficient to justify the adverse actions taken against Plaintiff.

54. As a direct and proximate result of Defendants' discrimination, Plaintiff suffered damages, including lost wages, lost benefits, lost employment opportunities, emotional distress, damage to career, and other damages according to proof.

55. Plaintiff is entitled to attorneys' fees and costs pursuant to Government Code section 12965 and other applicable law.

56. Plaintiff is also entitled to punitive damages because Defendants acted with malice, oppression, and/or fraud, and because Defendants' officers, directors, and managing agents authorized, ratified, or personally engaged in the unlawful conduct.

## SECOND CAUSE OF ACTION

## Harassment, Hostile Work Environment, in Violation of FEHA

## Gov. Code § 12940(j)

**(Against All Defendants)**

57. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Defendants, through supervisors, managers, agents, and employees, subjected Plaintiff to harassment based on protected characteristics and protected circumstances.

59. The harassment was unwelcome.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

60. The harassment was based on Plaintiff's actual or perceived national origin, ancestry, race, ethnicity, age, and/or related protected characteristics, including that Plaintiff was treated differently because she was not Indian born and because of her protected status.

61. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and create a hostile, intimidating, abusive, and offensive working environment.

62. Under Government Code section 12923, harassment cases are rarely appropriate for disposition on summary judgment, and even a single incident may be sufficient to create a triable issue regarding a hostile work environment when the conduct unreasonably interferes with work performance or creates an intimidating, hostile, or offensive work environment.

63. Plaintiff personally experienced and observed conduct that contributed to the hostile work environment.

64. Defendants are strictly liable for harassment committed by supervisors.

65. Defendants are also liable because they knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

66. Defendants' conduct was a substantial factor in causing Plaintiff harm.

67. As a direct and proximate result of Defendants' harassment, Plaintiff suffered economic damages, emotional distress, humiliation, anxiety, embarrassment, damage to reputation, and other damages according to proof.

68. Plaintiff is entitled to attorneys' fees and costs pursuant to Government Code section 12965 and other applicable law.

69. Plaintiff is entitled to punitive damages because Defendants acted with malice, oppression, and/or fraud, and because Defendants' officers, directors, and managing agents authorized, ratified, or personally engaged in the unlawful conduct.

//

//

//

//

**THIRD CAUSE OF ACTION**

**Retaliation in Violation of FEHA**

**Gov. Code § 12940(h)**

**(Against All Defendants)**

70. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Plaintiff engaged in protected activity under FEHA by reporting, resisting, opposing, and/or complaining about discrimination, harassment, retaliation, unequal treatment, and unlawful workplace practices.

72. Defendants knew Plaintiff engaged in protected activity.

73. After Plaintiff engaged in protected activity, Defendants subjected Plaintiff to adverse employment actions and materially adverse treatment, including but not limited to denial of work opportunities, denial of employment benefits and privileges, undermining conduct, threats, reprimand, suspension, exclusion, marginalization, and conduct that damaged her workplace standing.

74. Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse actions.

75. The timing, pattern, and nature of Defendants' actions demonstrate a causal connection between Plaintiff's protected activity and Defendants' retaliatory conduct.

76. Defendants' stated reasons for their conduct, to the extent any are asserted, are pretextual, false, shifting, incomplete, or insufficient.

77. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered economic damages, emotional distress, humiliation, anxiety, damage to career, and other damages according to proof.

78. Plaintiff is entitled to attorneys' fees and costs pursuant to Government Code section 12965 and other applicable law.

79. Plaintiff is entitled to punitive damages because Defendants acted with malice, oppression, and/or fraud, and because Defendants' officers, directors, and managing

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

agents authorized, ratified, or personally engaged in the unlawful conduct.

**FOURTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation**

**Gov. Code § 12940(k)**

**(Against All Defendants)**

80. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Government Code section 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

82. Defendants had a legal duty to prevent discrimination, harassment, and retaliation in the workplace.

83. Defendants failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

84. Defendants failed to implement, enforce, and follow effective policies, procedures, training, reporting mechanisms, investigations, corrective action, and safeguards.

85. Defendants knew or should have known that Plaintiff was being subjected to discrimination, harassment, retaliation, unequal treatment, unequal pay, and hostile work environment conduct.

86. Rather than prevent or correct the unlawful conduct, Defendants permitted the misconduct to continue and allowed Plaintiff to suffer further harm while she remained employed.

87. Defendants' failure to prevent discrimination, harassment, and retaliation was a substantial factor in causing Plaintiff's harm.

88. As a direct and proximate result of Defendants' failure to prevent unlawful conduct, Plaintiff suffered economic damages, emotional distress, humiliation, anxiety, damage to career, and other damages according to proof.

89. Plaintiff is entitled to attorneys' fees and costs pursuant to Government Code section 12965 and other applicable law.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**FIFTH CAUSE OF ACTION**

**Violation of the California Equal Pay Act**

**Lab. Code § 1197.5**

**(Against All Defendants)**

90. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

91. Labor Code section 1197.5 prohibits an employer from paying an employee wage rates less than the rates paid to employees of another sex, race, or ethnicity for substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, except where the employer proves a lawful statutory defense.

92. Plaintiff performed substantially similar work to employees who were paid more than Plaintiff.

93. Plaintiff is informed and believes, and thereon alleges, that Defendants paid employees of different race, ethnicity, national origin, ancestry, and/or other protected categories more than Plaintiff for substantially similar work.

94. Plaintiff is informed and believes, and thereon alleges, that the employees paid more than Plaintiff performed work requiring substantially similar skill, effort, and responsibility under similar working conditions.

95. Plaintiff is informed and believes, and thereon alleges, that Defendants cannot establish that the pay disparities were based entirely and reasonably on a seniority system, merit system, system measuring earnings by quantity or quality of production, bona fide factor other than sex, race, or ethnicity, or any other legally sufficient reason.

96. Plaintiff raised concerns regarding compensation inequities and wage disparities.

97. Defendants failed to correct the unlawful pay disparities.

98. As a direct and proximate result of Defendants' violation of Labor Code section 1197.5, Plaintiff suffered lost wages, unpaid compensation, liquidated damages, interest, attorneys' fees, costs, and other damages according to proof.

99. Plaintiff seeks all relief available under Labor Code section 1197.5, including unpaid

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

wage differentials, liquidated damages, interest, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION**

**Retaliation for Wage Disclosure and Wage Discussion**

**Lab. Code §§ 232 and 98.6**

**(Against All Defendants)**

100. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

101. Labor Code section 232 prohibits an employer from requiring an employee to refrain from disclosing wages, requiring an employee to sign a waiver of the right to disclose wages, or discharging, formally disciplining, or otherwise discriminating against an employee who discloses or discusses wages.

102. Labor Code section 98.6 prohibits retaliation against an employee because the employee engaged in conduct protected by the Labor Code.

103. Plaintiff engaged in protected conduct by discussing, disclosing, questioning, and/or objecting to compensation inequities and wage disparities.

104. Defendants knew Plaintiff engaged in protected wage-related conduct.

105. Defendants retaliated against Plaintiff because she engaged in protected wage-related conduct.

106. Defendants' retaliation included threats, undermining conduct, denial of work opportunities, denial of employment benefits and privileges, reprimand, suspension, exclusion, marginalization, and conduct that damaged Plaintiff's workplace standing and ability to succeed.

107. Plaintiff's protected wage-related conduct was a substantial motivating reason for Defendants' retaliatory conduct.

108. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, damage to career, and other damages according to proof.

109. Plaintiff seeks all remedies available under the Labor Code, including lost wages, penalties, interest, attorneys' fees, costs, and other relief according to proof.

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**SEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

110. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

111. Defendants, and each of them, engaged in extreme and outrageous conduct toward Plaintiff.

112. Defendants' conduct exceeded all bounds usually tolerated in a civilized workplace and went beyond ordinary personnel management.

113. Defendants' conduct included, but was not limited to, knowingly subjecting Plaintiff to discrimination, harassment, retaliation, unequal pay, threats, undermining conduct, reprimand, suspension, denial of opportunities, hostile work environment conduct, and ongoing conduct intended to damage Plaintiff's employment standing and emotional well-being.

114. Defendants knew that Plaintiff was suffering emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

115. Defendants' conduct was intentional, malicious, oppressive, fraudulent, and/or undertaken with reckless disregard for Plaintiff's rights and well-being.

116. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including but not limited to anxiety, humiliation, embarrassment, stress, fear, loss of sleep, emotional pain, and mental suffering.

117. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

118. Plaintiff is entitled to compensatory damages, emotional distress damages, punitive damages, interest, costs, and other relief according to proof.

**EIGHTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against All Defendants)**

119. Plaintiff incorporates by reference all preceding paragraphs as though fully set

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

forth herein.

120. Defendants owed Plaintiff a duty to exercise reasonable care in the employment relationship, including a duty not to subject Plaintiff to unlawful discrimination, harassment, retaliation, unequal pay, abusive workplace treatment, and conduct foreseeably likely to cause emotional harm.

121. Defendants also owed Plaintiff statutory and common law duties to maintain a workplace free from discrimination, harassment, retaliation, and hostile work environment conduct.

122. Defendants breached their duties by failing to prevent, investigate, correct, and stop the unlawful and harmful conduct alleged herein.

123. Defendants knew or should have known that their conduct and failures to act would foreseeably cause Plaintiff serious emotional distress.

124. As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered serious emotional distress, including but not limited to anxiety, humiliation, embarrassment, stress, fear, emotional pain, and mental suffering.

125. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

126. Plaintiff is entitled to compensatory damages, emotional distress damages, interest, costs, and other relief according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nichole Henderson prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For past and future lost wages, wage differentials, bonuses, benefits, and other employment compensation according to proof;
4. For loss of employment opportunities and loss of earning capacity according to proof;
5. For emotional distress damages according to proof;
6. For unpaid wages, wage differentials, liquidated damages, interest, and statutory penalties under Labor Code section 1197.5;

7. For penalties and relief under Labor Code sections 232 and 98.6;

8. For punitive and exemplary damages according to proof;

9. For prejudgment and postjudgment interest according to law;

10. For attorneys' fees and costs pursuant to Government Code section 12965, Labor Code section 1197.5, Labor Code section 98.6, Code of Civil Procedure section 1021.5, and any other applicable statute or law;

11. For costs of suit incurred herein;

12. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action and issues so triable.

//

//

//

DATED: May 20, 2026

Respectfully submitted,

**THE HACKETT LAW FIRM**

By: Dylan Hackett

Dylan Hackett
*Attorneys for Plaintiff Nichole Henderson*

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 329339
NAME: Dylan Hackett
FIRM NAME: The Hackett Law Firm
STREET ADDRESS: P.O.Box 330168
CITY: San Francisco STATE: CA ZIP CODE: 94133
TELEPHONE NO.: [415] 410 99 31 FAX NO.:
EMAIL ADDRESS: dylanhackett@hackettfirm.com
ATTORNEY FOR (*name*): Plaintiff Gloria Henderson

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**05/20/2026**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

**CGC-26-637209**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco CA 94102
BRANCH NAME:

CASE NAME:
GLORIA HENDERSON V. THE NIELSEN COMPANY, ET AL

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

## Complex Case Designation

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

   a. ☒ monetary
   b. ☐ nonmonetary; declaratory or injunctive relief
   c. ☒ punitive

4. Number of causes of action *(specify)*: Discrimination,Harras.,Hostile W.Env.,Retaliation,F.to Prev.Disc,Harrasm.,and Ret.,Ret.for Wage Disclosure and Wage Discussion,Int.Inf of E.Distress, Neg.Inf of E.Distress

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/20/2026

Dylan Hackett
(TYPE OR PRINT NAME)

▶ *Dylan Hackett*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition