HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

BRETT A. OVERBY, CA Bar No. 317653
brett.overby@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants THE NIELSEN COMPANY and NIELSEN HOLDINGS PLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NICHOLE HENDERSON,

Plaintiff,

v.

THE NIELSEN COMPANY, NIELSEN HOLDINGS PLC, and DOES 1 through 20, inclusive,

Defendants.

Case No. CaseNumber

**DECLARATION OF KELLI DAWSON IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

Filed concurrently with:
- *Notice of Removal;*
- *Civil Cover Sheet;*
- *Certification of Disclosure of Conflicts, Interested Entities and Parties, and Citizenship;*
- *Request for Judicial Notice;*
- *Declaration of Lauren Connell; and*
- *Declaration of Brett A. Overby*

I, Kelli Dawson, declare as follows:

1. Except as otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called to testify under oath, could and would testify competently to these facts.

2. I am currently the Director, People Experience, for Nielsen Company (US), LLC ("Nielsen Company"). I have held this position continuously since October 2020.

3. I understand that, on May 20, 2026, Nichole Henderson ("Henderson") filed a civil complaint (the "Complaint") against The Nielsen Company (US), LLC (erroneously named as The Nielsen Company) and Nielsen Holdings Limited (erroneously named Nielsen Holdings PLC, and referred as "Nielsen Holdings").

4. In my capacity as Nielsen Company's Director, People Experience, I regularly interface and interact with employees who work in Nielsen Company's human resources department and functions, and who regularly manage the personnel and payroll records. Based on my personal knowledge and interactions with these human resources professionals, I know and declare that Nielsen Company keeps and maintains personnel and payroll records in the ordinary course of business, as a function of human resources, and that the events recorded in these personnel and payroll records are memorialized at or about the time of the matters recorded by individuals with knowledge of the information recorded.

5. At my direction, Nielsen Company human resources employees accessed and secured certain of Henderson's personnel and payroll records, as described in the preceding paragraph, and I have reviewed those records to prepare this declaration. Based on that review and my knowledge and familiarity with these records, as well as my review of the same, as described in the preceding paragraph, I declare that, at both the time of the filing of this action and the filing of this removal:

(a) Nielsen Holdings never employed Henderson.

(b) Rather, Nielsen Company employed Henderson at all times relevant to the Complaint, including up to the date of her termination, on July 24, 2026. Henderson last held with Nielsen company the position of Senior Vice President, Product Management, since November 1, 2021. Henderson performed her duties for Nielsen Company from San Francisco, California. Henderson's personnel and payroll records, again, which I have reviewed, show that, during her employment with Nielsen Company, Henderson listed her residential address in California, including for the purposes of her personnel file, payroll checks, and tax withholdings. Henderson represented that she lived, resided, and was domiciled in San Francisco County, California.

(c) Based on Henderson's pay records, she currently works for Nielsen Company as a full-time, exempt employee, earning an annual base salary (before incentive compensation or benefits) of $319,489, or $26,624 per month, or $6,144 per week. These amounts do not include additional non-monetary benefits or incentive compensation.

6. I understand that, on May 11, 2026, Henderson's counsel sent a pre-litigation demand letter to Nielsen Company's legal department. I am informed and believe, and therefore state that a true and correct copy of that letter is attached to this declaration as Exhibit 5. I further understand that, in that May 11 letter, Henderson demanded, among other things, three (3) years of severance based on Henderson's full compensation, including salary, bonus, incentive compensation, and the value of employment benefits.

7. For the last nine years, Henderson's Internal Revenue Service W2 Box 1 reported earnings are $183,132.48 (2017); $192,633.88 (2018); $213,769.75 (2019); $253,145.01 (2020); $253,326.32 (2021); 387,679.46 (2022); $333,403.80 (2023); $335,181.15 (2024); and $509,821.71 (2025). That averages $297,788.17 in IRS W2 Box 1 reported earnings the past nine years.

8. Nielsen Company and Nielsen Holdings both consent to this removal.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed this declaration on July 21, 2026, at Tampa Florida.

Signed by:
Kelli Dawson
5D4F5CD6FC19499...

Kelli Dawson