# EXHIBIT 5

HACKETT
HL
LAW

May 11, 2026

Re: Nikki Henderson
Severance Negotiation and Pre Litigation Demand
Claims for Retaliation, Unequal Pay, Hostile Work Environment, and Wrongful Termination in Violation of California Law

Dear Mr. Hendershot,

Based on the facts presently known, Ms. Henderson has substantial claims arising under California law, including retaliation related to wage discussions and wage related complaints, unequal pay under the California Equal Pay Act, hostile work environment harassment under the Fair Employment and Housing Act, and wrongful termination in violation of public policy. The facts also support significant negotiation leverage because California law strongly protects employees who disclose, discuss, question, or complain about compensation inequities.

Ms. Henderson raised concerns regarding compensation inequities and workplace treatment. Rather than addressing those concerns in good faith, the Company subjected her to threats, undermining conduct, adverse treatment, and ultimately termination. The sequence of events strongly supports an inference that Ms. Henderson was retaliated against for engaging in protected activity. California law does not permit an employer to silence, punish, or terminate an employee because she raises concerns regarding pay disparity or unlawful workplace conditions.

Labor Code section 232 expressly prohibits an employer from requiring an employee to refrain from disclosing wages, requiring an employee to waive the right to disclose wages, or discharging, disciplining, or otherwise discriminating against an employee for disclosing the amount of her wages. To the extent Ms. Henderson discussed her wages, wage rates, or compensation inequities, that conduct was protected by statute.

Labor Code section 98.6 further prohibits retaliation or adverse action against an employee because the employee engaged in protected wage related activity, including making a written or oral complaint that she is owed wages or otherwise asserting rights protected by the Labor Code. Section 98.6 authorizes meaningful remedies, including reinstatement, reimbursement for lost wages and benefits, and other appropriate relief. It also creates a rebuttable presumption in favor of the employee where the employer takes adverse action within 90 days of protected activity. If discovery confirms that Ms. Henderson's termination or other adverse treatment occurred within that statutory period, the Company will face a substantial evidentiary burden.

Ms. Henderson also has a claim under the California Equal Pay Act, Labor Code section 1197.5. That statute prohibits an employer from paying an employee less than employees of another sex, race, or ethnicity for substantially similar work, viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, unless the employer can prove a statutory defense. The statute is designed to prevent discriminatory wage disparities and places a

HACKETT
H L
LAW

meaningful burden on the employer once the employee establishes substantially similar work and unequal compensation.

California courts recognize this burden shifting framework. In Hall v. County of Los Angeles, 148 Cal.App.4th 318 (2007), the court explained that the plaintiff must establish a prima facie showing of unequal pay for substantially similar work, after which the burden shifts to the employer to prove that the disparity is justified by a statutory exception. If the employer attempts to rely on such an exception, the burden then shifts back to the employee to show that the stated justification is pretextual.

Comparator evidence will be central to this claim. In Allen v. Staples, Inc., 84 Cal.App.5th 188 (2022), the court emphasized that the employee must identify a proper comparator and show that the work was substantially similar under the statute. However, the Equal Pay Act does not allow employers to avoid liability by relying on vague job title distinctions where the actual work, skill, effort, responsibility, and working conditions are substantially similar. If discovery confirms that Ms. Henderson was paid less than proper comparators for substantially similar work, the Company will face significant exposure for wage differentials, liquidated damages, interest, attorney's fees, and related relief.

Ms. Henderson also has claims under the Fair Employment and Housing Act, Government Code section 12940, based on hostile work environment harassment and related misconduct. To establish a hostile work environment claim under FEHA, an employee must show unwelcome conduct because of a protected characteristic that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and that the conduct is imputable to the employer. Bailey v. San Francisco District Attorney's Office, 16 Cal.5th 611 (2024).

Government Code section 12923 further strengthens Ms. Henderson's position. The Legislature has clarified that a single incident of harassing conduct may be sufficient to create a triable issue if it unreasonably interfered with the employee's work performance or created an intimidating, hostile, or offensive working environment. Section 12923 also reflects California's public policy that harassment cases are rarely appropriate for disposition on summary judgment. This is important because the Company should not assume that isolated or limited events are automatically insufficient as a matter of law. The legal question is whether the conduct, considered under the totality of circumstances, altered the work environment or interfered with Ms. Henderson's ability to perform her job.

The California Supreme Court has also made clear that FEHA remedies are not necessarily exclusive. In Rojo v. Kliger, 52 Cal.3d 65 (1990), the Court held that FEHA does not supplant common law claims and that harassment or discrimination can support common law wrongful termination theories where the employer's conduct violates fundamental public policy. Similarly, Stevenson v. Superior Court, 16 Cal.4th 880 (1997), recognizes that termination in violation of fundamental public policy may support a tort claim. Here, California's public policies against

HACKETT

HL

LAW

retaliation, unequal pay, wage suppression, discrimination, and workplace harassment are clear and substantial.

The Company's exposure is not limited to a modest severance payment. Ms. Henderson may seek lost wages, lost benefits, emotional distress damages, statutory penalties, liquidated damages where available, interest, attorney's fees, costs, and other relief. Labor Code section 98.6 expressly provides remedies for retaliation, including lost wages and benefits. Labor Code section 1197.5 authorizes recovery for Equal Pay Act violations. FEHA permits recovery for emotional distress, economic loss, attorney's fees, and other available relief. The Company also faces the reputational, operational, and financial burden of administrative proceedings, written discovery, depositions, comparator discovery, personnel file review, compensation data analysis, and trial exposure.

Ms. Henderson prefers to resolve this matter without litigation. However, any resolution must reflect the seriousness of the claims, the termination of her employment, the retaliation concerns, the wage disparity issues, the hostile work environment allegations, and the damages she has suffered.

Accordingly, Ms. Henderson demands the following terms to resolve all claims:

1. Payment of three years of severance based on Ms. Henderson's full compensation, including salary, bonus, incentive compensation, and the value of employment benefits;
2. Payment of all accrued wages, vacation, paid time off, bonuses, commissions, expense reimbursements, and any other compensation or benefits owed;
3. Employer paid COBRA premiums for a negotiated period sufficient to protect Ms. Henderson while she transitions from employment;
4. A neutral employment reference confirming dates of employment, position, and eligibility for rehire, or alternatively a mutually agreed reference letter;
5. Confirmation that the Company will not disparage Ms. Henderson internally or externally;
6. Mutual non disparagement language;
7. Confidentiality language acceptable to both parties and consistent with California law;
8. No admission of liability;
9. A standard release of claims, limited to claims that may lawfully be released;
10. Reasonable attorney's fees and costs incurred in connection with this pre litigation resolution.

This demand is made in good faith and is intended to provide the Company with a final opportunity to resolve this dispute before Ms. Henderson proceeds with formal administrative and civil remedies. The demand for three years of severance is reasonable given the nature of the alleged retaliation, the termination, the wage disparity issues, the hostile work environment concerns, the statutory remedies available, and the cost and risk of litigation.

HACKETT
HL
LAW

If the Company is willing to engage in meaningful settlement discussions, we are prepared to do so promptly. If the Company denies responsibility or refuses to make a reasonable offer, Ms. Henderson is prepared to pursue all available remedies under California law.

Sincerely,

Dylan Hackett