Dylan Hackett (SBN 329339)
**THE HACKETT LAW FIRM**
P.O. Box 330168
San Francisco, CA 94133
Telephone: (415) 410-9931
Email: dylanhackett@hackettfirm.com

*Attorneys for Plaintiff Nichole Henderson*

Hardy Ray Murphy (SBN 187149)
hardy.murphy@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

*Attorney for Defendants THE NIELSEN COMPANY and NIELSEN HOLDINGS PLC*

**THE HACKETT LAW FIRM**
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA OAKLAND DIVISION**

| | |
|---|---|
| NICHOLE HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE NIELSEN COMPANY, NIELSEN HOLDINGS PLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | **Case No. 4:26-cv-07541-HSG**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**(Fed. R. Civ. P. 26(f); Civ. L.R. 16-9)**<br><br>**Case Management Conference**<br>**Date: October 27, 2026**<br>**Time: 2:00 p.m.**<br>**Place: Via Zoom Webinar**<br><br>**District Judge: Hon. Haywood S. Gilliam, Jr.** |

Plaintiff Nichole Henderson ("Plaintiff") and Defendants The Nielsen Company and Nielsen Holdings PLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel, submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the standing orders of the Honorable Haywood S. Gilliam, Jr., and the Court's orders setting the initial Case Management Conference.

## 1. Jurisdiction and Service

**Plaintiff's Position:**

Plaintiff filed this action in the Superior Court of California, County of San Francisco (Case No. CGC-26-637209), asserting claims under the California Fair Employment and Housing Act, the California Labor Code, and California common law. Defendants removed the action to this Court. Plaintiff understands that removal was premised on diversity of citizenship. Venue is proper in this District because the events giving rise to the action occurred within the Northern District of California and Plaintiff resides and worked in San Francisco, California.

Defendant The Nielsen Company was personally served through its agent for service of process on June 22, 2026. All currently named Defendants have appeared through counsel. No Doe defendants have been identified or served, and no party has been dismissed or added since removal.

**Defendants' Position:**

Defendants removed this action under 28 U.S.C. sections 1332, 1441, and 1446, and do not dispute subject matter jurisdiction. Plaintiff is a California citizen. The Nielsen Company (US), LLC is a citizen of Delaware and New York through its sole member, AC Nielsen Corporation. Nielsen Holdings Limited is a citizen of Delaware and New York through its sole member, Neptune BidCo US Inc. The amount in controversy exceeds $75,000. Venue is, therefore, proper.

/ / /

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

Plaintiff served the Nielsen Company through its registered agent on June 22, 2026; Nielsen Holdings has not been served and appears without waiving any defense based on service or on the absence of an employment relationship. Both Defendants are misnamed; the correct entities are The Nielsen Company (US), LLC and Nielsen Holdings Limited. No Doe defendant has been identified or served.

## 2. Facts

**Plaintiff's Position:**

Plaintiff Nichole Henderson was employed by Defendants for approximately nineteen years. Plaintiff contends that she performed her duties competently and professionally and that Defendants expressly represented that the elimination of her role was not based on performance.

Plaintiff alleges that, during her employment, she was subjected to disparate treatment, unequal compensation, retaliation, hostile work environment harassment, denial of work opportunities and employment benefits, and marginalization based on her actual or perceived national origin, ancestry, race, ethnicity, age, and related protected characteristics, including that she was treated differently because she is not Indian born. Plaintiff further alleges that she engaged in protected activity by raising concerns regarding compensation inequities and wage disparities and by opposing discrimination, harassment, and retaliation, and that Defendants thereafter subjected her to adverse employment actions.

Plaintiff alleges that on July 10, 2026, in a meeting with her manager, Akhil Parekh, and Human Resources leader Missy Kessinger, Defendants informed her that her role had been eliminated as a "business decision" not based on performance, immediately removed her access, and relieved her of her duties. Plaintiff alleges that Defendants identified July 24, 2026 as an administrative last-working-day date but effectuated the termination on July 10, 2026. Plaintiff contends that the stated "business decision" rationale was pretextual and that her protected characteristics and protected

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

activities were substantial motivating reasons for the adverse actions and her termination.

Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

**Defendants' Position:**

Plaintiff worked for Nielsen Company from June 25, 2007 through July 24, 2026 as Senior Vice President, Product Management. The Nielsen Holdings never employed her. The Nielsen Company eliminated her role for legitimate business reasons unrelated to any protected characteristic or activity. Defendants deny that anyone discriminated against, harassed, or retaliated against Plaintiff, deny that she suffered any injury or damage as alleged, deny that she is entitled to relief, and deny all allegations of the First Amended Complaint not expressly admitted in their Answer.

## 3. <u>Legal Issues</u>

**Plaintiff's Position:**

Plaintiff contends that the principal legal issues include:

1. Whether Defendants discriminated against Plaintiff based on her actual or perceived national origin, ancestry, race, ethnicity, age, and/or related protected characteristics in violation of the California Fair Employment and Housing Act (FEHA), Government Code section 12940 et seq.

2. Whether Defendants subjected Plaintiff to harassment and a hostile work environment in violation of FEHA, Government Code section 12940(j).

3. Whether Defendants retaliated against Plaintiff for engaging in protected activity in violation of FEHA, Government Code section 12940(h).

4. Whether Defendants failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation in violation of Government Code section 12940(k).

/ / /

/ / /

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

5. Whether Defendants paid Plaintiff less than employees of a different race, ethnicity, or national origin for substantially similar work in violation of the California Equal Pay Act, Labor Code section 1197.5.

6. Whether Defendants retaliated against Plaintiff for wage disclosure, discussion, and equal-pay complaints in violation of Labor Code sections 232, 98.6, and 1197.5(k).

7. Whether Defendants are liable for intentional and/or negligent infliction of emotional distress.

8. Whether Plaintiff's termination constituted wrongful termination in violation of public policy.

9. The nature and extent of Plaintiff's damages, including entitlement to punitive damages, penalties, attorneys' fees, and costs.

**Defendants' Position:**

Defendants contend the threshold issues are whether The Nielsen Holdings can be liable at all, given that it never employed Plaintiff and is not an employer under the Government Code or Labor Code, and whether Plaintiff exhausted her administrative remedies with the Civil Rights Department before filing her FEHA claims.

The merits issues include whether The Nielsen Company eliminated the role for legitimate, nondiscriminatory reasons; whether any protected characteristic or activity was a substantial motivating reason; whether the alleged conduct was severe or pervasive; whether any pay differential rests on a bona fide factor other than protected status; whether any claims are time-barred; whether Plaintiff failed to mitigate; and whether she can establish malice, oppression, or fraud by a managing agent under Civil Code section 3294.

## 4. Motions

**Plaintiff's Position:**

There are no motions currently pending. Plaintiff anticipates that she may move for partial summary judgment or summary adjudication after the completion of

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

discovery, and may bring discovery motions if necessary. Plaintiff anticipates that Defendants may move to compel arbitration and may file a dispositive motion.

**Defendants' Position:**

There are no motions currently pending. Defendants anticipate moving for summary judgment, and may bring discovery motions if necessary.

**5. Amendment of Pleadings**

**Plaintiff's Position:**

The operative pleading is Plaintiff's First Amended Complaint. Plaintiff does not presently anticipate further amendment but reserves the right to seek leave to amend, including to identify Doe defendants, if discovery reveals additional claims or parties. The Parties propose that the deadline to amend the pleadings or add parties be set by the Court at the Case Management Conference.

**Defendants' Position:**

Defendants' Answer to the First Amended Complaint is the operative responsive pleading. Defendants do not anticipate amending it but reserve the right to seek leave to assert defenses discovery may reveal. Defendants oppose any amendment adding parties or claims after the Court's deadline and agree that the Court should set that deadline at the Case Management Conference.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and are taking reasonable and proportionate steps to preserve evidence relevant to the claims and defenses in this action, including personnel records, compensation records, communications, performance and investigation records, and electronically stored information. The Parties will meet and confer regarding their respective preservation obligations and any issues concerning the identification, collection, and production of ESI.

/ / /

/ / /

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## 7. Disclosures

This case is governed by the Initial Discovery Protocols for Employment Cases Alleging Adverse Action under General Order No. 71, which supersede the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Pursuant to General Order No. 71, Defendants served their Initial Discovery Disclosures on August 27, 2026 and Plaintiff served her Initial Discovery Disclosures on September 11, 2026, together with the documents identified therein.

## 8. Discovery

**Plaintiff's Position:**

Discovery has commenced. Plaintiff served her Initial Discovery Disclosures under General Order No. 71 on September 11, 2026. Plaintiff has served Defendant The Nielsen Company with Interrogatories, Set One; Requests for Production of Documents, Set One; and Requests for Admission, Set One. Defendants noticed the deposition of Plaintiff.

Plaintiff anticipates that remaining discovery will focus on liability (including Defendants' compensation practices, pay-equity data for comparators, performance and investigation records, reorganization and role-elimination decisions, and the circumstances of Plaintiff's termination), causation, and damages (including lost wages, benefits, equity, and emotional distress). Plaintiff anticipates taking the depositions of Defendants' witnesses, including the individuals identified in Plaintiff's General Order No. 71 disclosures and a Rule 30(b)(6) designee, and conducting written discovery and, if necessary, third-party discovery. Expert discovery is anticipated as to damages and related issues.

The Parties will meet and confer regarding an ESI protocol and anticipate seeking the Court's model stipulated protective order to govern confidential personnel, compensation, and medical information. Plaintiff is not aware of any discovery dispute requiring Court intervention at this time. Plaintiff believes the discovery deadlines to be set by the Court at the Case Management Conference will be workable.

**Defendants' Position:**

Defendants noticed Plaintiff's deposition and subsequently took the deposition off calendar with the intention of rescheduling after the Parties' Rule 26(f) conference. Defendants do not agree that Plaintiff's written discovery is effective, as she served interrogatories, requests for production, and requests for admission on August 6, 2026, before the Rule 26(f) conference, and Rule 26(d)(1) bars discovery served before that conference.

Upon the opening of discovery, Defendants' discovery will focus on Plaintiff's claimed damages, mitigation, job search and subsequent employment, claimed emotional distress, and the factual basis for each cause of action, and will include Plaintiff's deposition, the depositions of any treating or percipient witnesses, and expert discovery on damages. Defendants will meet and confer on an ESI protocol, join in submitting the Court's model stipulated protective order, and follow the joint letter procedure for any discovery dispute. Defendants are aware of no dispute presently requiring Court intervention.

## 9. Class Actions

Not applicable. This is an individual employment action and is not maintained as a class action.

## 10. Related Cases

The Parties are not presently aware of any related cases within the meaning of Civil Local Rule 3-12.

## 11. Relief

**Plaintiff's Position:**

Plaintiff seeks compensatory damages according to proof, including: past and future lost wages, wage differentials, bonuses, equity, and benefits; loss of employment opportunities and earning capacity; front pay; emotional distress and other non-economic damages; unpaid wages, wage differentials, liquidated damages, and statutory penalties under the Labor Code; punitive and exemplary damages; prejudgment and

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

postjudgment interest; and attorneys' fees and costs. Plaintiff's claimed equity loss relates to an equity option grant of 61 Class A-1 Units at an exercise price of $1,067.880 per Unit, with a vesting commencement date of January 1, 2023 and a five-year vesting schedule, subject to valuation and the facts concerning vesting and termination.

Plaintiff's damages computation is continuing. Plaintiff will supplement her damages calculations as payroll, bonus, equity valuation, benefits, mitigation, and other information becomes available through discovery and Plaintiff's continuing job-search or subsequent-employment history.

**Defendants' Position:**

Defendants deny that Plaintiff is entitled to any relief and seek dismissal of the First Amended Complaint, judgment in their favor, costs, and attorneys' fees to the extent the law allows. Plaintiff's claimed damages are speculative and unmitigated, she cannot recover duplicative statutory penalties, liquidated damages, and punitive damages for the same conduct, and the First Amended Complaint does not allege facts supporting punitive damages under Civil Code section 3294.

## 12. Insurance

**Plaintiff's Position:**

Plaintiff is not aware of the existence or terms of any applicable insurance coverage and requests that Defendants identify any insurance policy that may be available to satisfy all or part of a judgment or to indemnify or reimburse for payments made to satisfy a judgment.

**Defendant's Position:**

Defendants are presently unaware of any applicable insurance coverage.

## 13. Settlement and ADR

This action is assigned to the Court's Alternative Dispute Resolution Multi-Option Program under ADR Local Rule 3. The Parties have reviewed the Court's ADR materials and will timely file the required ADR Certification. The Parties believe this case is suitable for a settlement conference before a Magistrate Judge or for mediation

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

and are willing to participate in ADR at an appropriate time following an initial exchange of key documents and information and after Plaintiff provides a supported damages computation. The Parties will file the ADR Certification and a stipulation to an ADR process, or will address ADR process selection with the Court at the Case Management Conference.

**14. <u>Consent to Magistrate Judge</u>**

The Parties timely filed their Consent or Declination to Magistrate Judge Jurisdiction forms. This action was subsequently reassigned to the Honorable Haywood S. Gilliam, Jr., United States District Judge, pursuant to General Order No. 44.

**15. <u>Other References</u>**

The Parties do not presently believe this case is suitable for reference to binding arbitration (subject to Defendants' asserted right to compel contractual arbitration), a special master, or the Judicial Panel on Multidistrict Litigation.

**16. <u>Narrowing of Issues</u>**

The Parties will meet and confer to identify issues that can be narrowed by agreement or motion, including potential stipulations as to jurisdictional and background facts and the authenticity of records, in order to streamline discovery and trial.

**17. <u>Scheduling</u>**

The following case management deadlines are currently in effect under the Court's orders:

| **Event** | **Current Court-Ordered Deadline** |
|---|---|
| Deadline to file ADR Certification (ADR L.R. 3) | September 30, 2026 |
| Deadline to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan (Fed. R. Civ. P. 26(f)) | September 30, 2026 |

| | |
|---|---|
| Deadline to make initial disclosures (General Order No. 71 / Fed. R. Civ. P. 26(a)(1)) | October 14, 2026 |
| Deadline to file Joint Case Management Statement | October 20, 2026 |
| Initial Case Management Conference (via Zoom) | October 27, 2026 at 2:00 p.m. |

The remaining pretrial and trial deadlines have not yet been set. The Parties respectfully request that the Court set the following deadlines at the Case Management Conference: fact discovery cutoff; opening expert disclosures; rebuttal expert disclosures; expert discovery cutoff; dispositive motion filing and hearing deadlines; a settlement or mediation deadline; a final pretrial conference; and trial. The Parties propose that fact discovery close approximately 210 days after the Case Management Conference, with expert disclosures, expert discovery, and dispositive motion deadlines to follow on a standard sequence thereafter, and trial to be set on a date convenient to the Court.

## 18. Trial

Plaintiff has demanded a jury trial. The Parties presently estimate that trial will require approximately five to seven court days.

## 19. Disclosure of Non-Party Interested Entities or Persons

**Plaintiff's Position:**

Plaintiff will file the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Other than the named Parties, Plaintiff is presently aware of no persons, associations of persons, firms, partnerships, corporations, or other entities that have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of this proceeding.

/ / /

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

**Defendants' Position:**

Defendants filed their Certification of Disclosure of Conflicts, Interested Entities and Parties, and Citizenship on July 21, 2026 under Rule 7.1 and Civil Local Rule 3-15. Beyond the Parties, the interested entities are AC Nielsen Corporation, sole member and parent of The Nielsen Company (US), LLC, and Neptune BidCo US Inc., sole member and parent of Nielsen Holdings Limited.

**20. Professional Conduct**

Counsel have reviewed and will comply with the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action. The Parties will comply with any additional directives issued by the Court at the Case Management Conference.

DATED: October 16, 2026

**THE HACKETT LAW FIRM**

By: Dylan Hackett
Dylan Hackett
*Attorneys for Plaintiff Nichole Henderson*

DATED: October 16, 2026

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Hardy Murphy*
*Hardy Ray Murphy*
*Attorney for Defendants THE NIELSEN COMPANY and NIELSEN HOLDINGS PLC*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Dylan Hackett, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: ______________, 2026

**THE HACKETT LAW FIRM**

By:________________________________

Dylan Hackett (SBN 329339)
*Attorneys for Plaintiff Nichole Henderson*

**THE HACKETT LAW FIRM**
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931